BLANCHARD, *in Error, versus* DAY.

In serving a writ, which directs the officer to attach the property of the defendant, and to summon him, there should be a separate summons, even though no actual attachment be made.  In such a case, the service ought not to be made by a copy or by reading the original.

An officer's return upon a writ, " that he *gave* the defendant the summons for his appearance at court," is sufficient evidence, that he *delivered to the defendant a separate summons, in form by law prescribed.*

A justice's writ may be served by the constable of a town, upon any person within that town, though such person may be an inhabitant of another town.

ERROR, to a justice of the peace of this county.    Plea, *in nullo est erratum.*    Day sued Blanchard, whose residence is in Belgrade, and recovered judgment on default, before the justice.    The writ in that action was in the common form of a writ of attachment and summons.    It was served by a constable of Augusta, whose return thereon is as follows : viz. —

Blanchard *v.* Day.

" By virtue of this writ I attached a chip, as the property of the defendant, and at the same time gave him the summons for his appearance at court.

*Morrill*, for plaintiff in error.

The first question relates to the mode of serving the original writ. R. S. c. 114, § 24, requires that, *when goods are attached*, a separate summons should be delivered to the defendant, or left at his dwellinghouse or place of his last and usual abode. The officer's return should show there was a separate summons, and that it was delivered to the defendant or left, &c.

But the return shows neither, nor that the defendant was duly summoned. It merely shows, that the officer "*gave* him the summons." It does not show the description or character of it. " *To give*" a summons, is not to "deliver" it, or to "leave" it.

But, in this case, no property was attached. Should the service be under the 24th or under the 26th section of the statute ? We submit that it ought to have been under the 26th, which requires service by a copy or by reading the original.

The second assigned ground of error is, that the original defendant was an inhabitant of Belgrade, and that the constable of Augusta had no authority to serve a writ upon him.

*J. Baker*, for defendant in error.

SHEPLEY, C. J., orally, — The statute c. 114, § 23, provides, that an original writ may be framed either to attach the goods or estate, and for want thereof to take the body, or it may be an original summons, either with or without an order to attach the goods or estate.

It is provided by the 24th sect. that, when the goods or estate " are attached" on either of said writs, a separate summons " shall be delivered to the defendant" or left at his last and usual place of abode.

In this case the writ was in the common form of a writ of attachment, with directions to summon the defendant, and it

should be served by a separate summons, delivered to him or left at his last and usual place of abode.

1. It is insisted, as no property was attached, that a service should have been made according to the provisions of the 26th section, by reading the same to him, or by giving him in hand, or leaving at his last and usual place of abode, a certified copy thereof.

If the words, " are attached," were to receive a literal construction, the mode of service would not depend upon the form of the writ, but upon the use which was made of it ; and, if no property could be found to be attached, that writ could not be used, but a different writ must be sued out. Such is not the true construction, as will appear by a comparison of the 23d, 24th, 25th and 26th sections. The service is to be made according to the form of the writ, irrespective of the use which is made of it.

2. It is insisted that the return of the officer does not exhibit a legal service, because he states, that he " gave him the summons for his appearance at court."

It is a well established rule, that the returns of officers, being persons unlearned in the law, are not to be subjected to a severe and critical examination, to ascertain whether there is a formal and exact use of language, in conformity to the requisitions of law, but are to be regarded as sufficient, when there appears to have been a substantial compliance with such provisions.

In this case, it is apparent that a separate summons was used for service, and not a copy. " The summons" can only refer to such separate summons ; " gave him the summons," affords proof that the summons was delivered to him, and would be sufficient to enable the defendant, in the original action, to maintain an action for a false return, upon proof that it was not delivered to him.

Another objection to the service is, that it was made by a constable of the town of Augusta, upon the original defendant, described in the writ, as of the town of Belgrade.

By chap. 104, sect. 34, a constable is authorized to serve,

"upon any person in the town to which he belongs," any writ or precept in a personal action, where the damages demanded do not exceed $100. It is not necessary that the person, upon whom the service is made, should be an inhabitant of the same town in which the service is made. It is sufficient that the service is made upon him in that town.

*Judgment affirmed.*